UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENT DESIGN BUILD, INC.**                                  CIVIL NO. 21-324

**VERSUS**                                                                                        SECTION: T(5)

**ADS, LLC OF ALABAMA and LANDMARK**
**AMERICAN INSURANCE COMPANY**

### ORDER

Before the Court is the Defendant Landmark American Insurance Company's ("Landmark") *Motion for Partial Summary Judgment for Damages for the Repair of the Concrete Foundation*.[1] The Plaintiff Kent Design Build, Inc. ("Kent") and the Defendant ADS, LLC of Alabama filed responses.[2] For the following reasons, the motion is **DENIED**.

### FACTUAL BACKGROUND

In 2018, Kent Design Build, Inc. ("Kent") was hired to build a new Zuppardo's Supermarket in Metairie, Louisiana.[3] As part of the project, Kent subcontracted with ADS, LLC of Alabama ("ADS") to do all form and finishing work for the supermarket's concrete slab.[4] In June of 2019, ADS poured the slab.[5] Subsequently, another subcontractor polished the slab and produced a finished supermarket floor.[6] One month later, the concrete began to "delaminate," causing "cracking and blistering" in the floor.[7]

---

[1] R. Doc. 49.
[2] R. Docs. 52, 54.
[3] R. Doc. 11 at 2; R. Doc. 52 at 1.
[4] R. Doc. 52 at 2.
[5] *Id.*; R. Doc. 49-2 at 2.
[6] *Id.* at 2-3.
[7] *Id.* at 3; R. Doc. 49-2 at 2.

After testing the concrete, Kent concluded that ADS deficiently poured the concrete and caused the delamination.[8] Kent demanded that ADS remedy the related damages.[9] When ADS refused, Kent hired a third-party to fix the concrete, or "overlay" it, and brought the present suit against ADS.[10] Generally, Kent raises breach of contract, negligent breach of contract, and breach of warranty claims. Citing several provisions in the subcontract, Kent argues ADS did not "mitigate or correct the problem caused by its defective work" as it was contractually obligated to do.[11] Additionally, Kent seeks "any and all costs and damages sustained…as a result of its remediation efforts."[12] Kent also brought a reimbursement claim against ADS's insurer, Landmark American Insurance Company ("Landmark").[13]

Now, in the present motion, Landmark asks the Court to declare that Kent's damages "are excluded from coverage under the Landmark policy issued to ADS."[14] Generally, Landmark contends that, under the "work-product" provision in the ADS policy, it is not bound to cover the costs of "property damage to [ADS's] work."[15] Specifically, Landmark argues that, because ADS's work-product is the concrete slab, the costs Kent incurred in repairing it are excepted from ADS's policy.[16] Kent and ADS disagree.[17] Kent contends the work-product exclusion is "inapplicable" because the damage at issue, namely "cracking and blistering" due to delamination, was to the polished floor, not the concrete slab.[18] In other words, ADS's work was not repaired by the overlay

---

[8] R. Doc. 11 at 3.
[9] *Id.* at 3.
[10] *See id.*
[11] *Id.* at 4-5.
[12] *Id.* at 5.
[13] *Id.* at 7.
[14] R. Doc. 49-2 at 1.
[15] *Id.* at 12 (quotation marks omitted).
[16] *Id.* at 12-13.
[17] R. Docs. 52, 54.
[18] R. Doc. 52 at 3-4.

2

but "rather[] the damage to the polish work" was fixed.[19] ADS raises an identical argument.[20] Additionally, ADS argues that the repair was performed on a "different product or work from the raw concrete slab" altogether, namely a new "polished floor."[21]

## LAW & ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record," but it must "refrain[] from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[24] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[25] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[26]

After reviewing the parties' filings and the applicable law, the Court agrees with Kent and ADS. There are at least two disputed material facts that bar summary judgment in favor of Landmark. First, the parties dispute whether Kent "repaired" the slab, the polish, or both. Landmark contends the "overlay" repaired the concrete slab. Kent and ADS argue the polished

---

[19] *Id.*
[20] R. Doc. 54 at 7.
[21] *Id.* at 7.
[22] Fed. R. Civ. P. 56(a).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[24] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[25] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[26] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

floor was repaired, not the slab itself.[27] This unanswered question, namely which product was repaired, is directly connected to Landmark's work-product exclusion and precludes summary judgment.

Second, even without the product dispute, it is not clear whether ADS caused the damage to the concrete flooring. Kent contends ADS negligently "overworked" the slab and caused the delamination.[28] ADS "does not concede or agree that it performed any of its work in a negligent manner or concede or agree it is responsible for any defects" in the slab.[29] Both parties rely on expert opinions and other evidence. The cause of the delamination is a fundamental question in this lawsuit and remains unsettled. However, the question also impliedly invokes Landmark's work-product provision. Landmark asserts that, pursuant to Louisiana law, a work-product provision "excludes coverage for any damage to either the product itself or to the repair or replacement of that product because of *work performed in a defective* manner."[30] However, because the parties dispute whether ADS's actions caused the delamination, Landmark's motion for summary judgment is inappropriate. Accordingly, the motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana this 5th day of May, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[27] *See* R. Docs. 52, 54. "Instead, plaintiff Kent Design and Mr. Richardson asserts the 'repair' was done to the polished floor (which was not ADS, LLC's "Work") to achieve the contractually-specified aesthetic effect Zuppardo's and the project architect required. Mr. Richardson attested '[t]he overlay did not repair the defective work performed by ADS.'" R. Doc. 54 at 8-9.
[28] *See* R. Doc. 11.
[29] R. Doc. 54 at 9.
[30] R. Doc. 49-2 at 9 (emphasis added). In the policy, the exclusion applies to "[w]ork or operations performed by you or on your behalf." *Id.* at 7. Therefore, Landmark and its policy imply some action, or a defective action, be taken toward the work product. However, whether ADS's actions caused damage to the flooring is a disputed material fact.