# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**KENT DESIGN BUILD, INC.**                                            CIVIL NO. 21-324

**VERSUS**                                                          SECTION: T(5)

**ADS, LLC OF ALABAMA and LANDMARK AMERICAN INSURANCE COMPANY**

## ORDER

Before the Court is the Defendant Landmark American Insurance Company's ("Landmark") *Motion for Partial Summary Judgment as to the Plaintiff's Negligence Claims Based on Prescription*.[1] The Plaintiff Kent Design Build, Inc. ("Kent") filed a response.[2] The Court heard oral argument on the matter.[3] For the following reasons, the motion is **GRANTED**.

## FACTUAL BACKGROUND

In 2018, Kent Design Build, Inc. ("Kent") was hired to build a new Zuppardo's Supermarket in Metairie, Louisiana.[4] As part of the project, Kent subcontracted with ADS, LLC of Alabama ("ADS") to do all form and finishing work for the supermarket's concrete slab.[5] In June of 2019, ADS poured the slab.[6] Subsequently, another subcontractor polished the slab and produced a finished supermarket floor.[7] One month later, the concrete began to "delaminate," causing "cracking and blistering" in the floor.[8]

---

[1] R. Doc. 48.
[2] R. Docs. 53.
[3] Oral argument was held on May 11, 2022, per the Court's order. R. Doc. 74.
[4] R. Doc. 11 at 2; R. Doc. 53 at 1-2.
[5] R. Doc. 53 at 1-2.
[6] *Id.*
[7] *Id.* at 2-3.
[8] *Id.* at 3; R. Doc. 49-2 at 2.

After testing the concrete, Kent concluded that ADS deficiently poured the concrete and caused the delamination.[9] Kent demanded that ADS remedy the related damages.[10] When ADS refused, Kent hired a third-party to fix the concrete, or "overlay" it, and brought the present suit against ADS.[11] Generally, Kent raises breach of contract, negligent breach of contract, and breach of warranty claims. Citing several provisions in the subcontract, Kent argues ADS did not "mitigate or correct the problem caused by its defective work" as it was contractually obligated to do.[12] Additionally, Kent seeks "any and all costs and damages sustained…as a result of its remediation efforts."[13] Kent also brought a reimbursement claim against ADS's insurer, Landmark American Insurance Company ("Landmark").[14]

Now, in the present motion, Landmark asks the Court to dismiss Kent's negligent breach of contract claim because it has prescribed.[15] Landmark contends Kent was aware of the concrete slab's problems by August of 2019, but did not bring suit until September of 2020.[16] Landmark argues that, because Kent's claim sounds in tort, Louisiana's one-year prescription period for delictual actions applies and the claim has prescribed.[17] Kent disagrees.[18] Kent argues that, because its negligent breach of contract claim centers on a "defect[] of construction," the ten-year prescription period for contract claims applies.[19]

---

[9] R. Doc. 11 at 3.
[10] *Id.* at 3.
[11] *See id.*
[12] *Id.* at 4-5.
[13] *Id.* at 5.
[14] *Id.* at 7.
[15] R. Doc. 48-2 at 1.
[16] *Id.* at 5-6.
[17] *Id.* at 1.
[18] R. Doc. 53.
[19] *Id.* at 4-6.

## LAW & ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record," but it must "refrain[] from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[22] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[23] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[24]

Under Louisiana law, "[t]he rule is well settled that a party to a contract may have a money demand against the other party to a contract and may sue either on the tort or upon the contract at his option," but not both.[25] In prescription disputes, the "character of the action" and the "nature of the breached duty" determines the applicable prescription period.[26] If the claim is "purely one in tort, then it is prescribed by one year," but if it is "predicated on a breach of the contract, then it is only prescribed by ten years."[27]

After reviewing the parties' filings and the applicable law, the Court finds Kent has inappropriately pled two identical claims. Kent raises both a breach of contract and a negligent

---

[20] Fed. R. Civ. P. 56(a).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[22] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[24] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[25] *Johnson v. Kennedy*, 235 La. 212, 225, 103 So. 2d 93, 98 (1958).
[26] *Id.*; *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020).
[27] *Id*.

breach of contract claim.[28] However, in contract cases, it is "well settled that a party to a contract may…sue *either* on the tort or upon the contract," but not both.[29] Therefore, the Court must examine Kent's Complaint, the "character of the action," and the "nature of the breached duty" to determine which contract claim controls.[30]

Kent subcontracted with ADS to form and pour the supermarket's slab. Under the contract, ADS agreed to "correct[] [or] replace[] at [its] expense" any "defective" or "improper" concrete produced during the project.[31] When the supermarket floor began to crack due to delamination, Kent demanded ADS remedy the situation per their agreement.[32] When ADS refused, Kent fixed the slab itself and brought suit.[33] In its Complaint, Kent alleges that, in "breach of the Subcontract," ADS did not "correct its defective work" and is "liable for any and all costs…sustained by Kent as a result of its remediation efforts."[34]

In short, Kent contends ADS breached a contractual duty when it failed to fix the deficient slab and Kent seeks to recover the costs incurred from ADS's inaction. Therefore, the Court finds the present action, despite citing ADS's alleged negligence, is contractual in nature.[35] Accordingly,

---

[28] *See* R. Doc. 11.
[29] *Johnson*, 103 So. at 98 (emphasis added). At oral argument, counsel for Kent cited *Dubin v. Dubin* for the proposition that "[a] plaintiff may assert both actions and is not required to plead the theory of his case." 641 So. 2d 1036, 1040 (La. App. 2 Cir. 8/17/94). However, such an interpretation only applies "absent conflicting prescriptive periods." *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals, LLC*, 947 F. Supp. 2d 661, 692 (W.D. La. 2013). The present dispute centers on which prescription period is applicable to Kent's claim. Therefore, *Dubin* is inapplicable.
[30] *Id.*; *Franklin*, 976 F.3d at 447.
[31] R. Doc. 11-1 at 1-2. In other words, ADS had a duty to remediate.
[32] *Id.* at 3-4.
[33] *Id.* at 5.
[34] *Id*. at 4-5.
[35] "Fault is contractual when it causes a failure to perform an obligation that is conventional in origin, that is, an obligation created by the will of the parties, while fault is delictual when it causes the dereliction of one of those duties imposed upon a party regardless of his will, such as a duty that is the passive side of an obligation created by the law." Saul Litvinoff & Ronald J. Scalise Jr., LOUISIANA CIVIL LAW TREATISE, LAW OF OBLIGATIONS § 5.2 (2d ed. 2018). In fact, even in Kent's negligent breach of contract claim, it seeks to enforce "the terms and conditions of the Subcontract." R. Doc. 11 at 5. Clearly, the breached duty at issue is a contractually created duty to remediate.

the motion is **GRANTED,** and Kent's negligent breach of contract claim is **DISMISSED WITH PREJUDICE** as redundant.[36]

Ultimately, under Louisiana law, Kent had the "choice to sue [ADS] for this alleged breach in tort or in contract. They chose contract. That means that Louisiana's ten-year limitations period applies to their claim."[37]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Kent's negligent breach of contract claim is **DISMISSED WITH PREJUDICE** as redundant.

New Orleans, Louisiana this 11th day of May, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[36] Federal Rule of Civil Procedure 12(f) allows a Court to strike, on its own motion, "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. *Perry v. H.J. Heinz Co. Brands*, *LLC*, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019). Alternatively, if the negligent breach of contract claim is delictual in nature, then the matter has prescribed under LA Civ. Code Arts. 3492, 3493. The Court finds LA Civ. Code Art. 3500 would not be applicable in this case because the matter would not deal with a "defect[] of construction," but instead a claim that sounds in negligence.

[37] *Franklin*, 976 F. 3d at 450.